**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4211

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAWRENCE ELIE MEGGISON, a/k/a Larry Edwards,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Catherine C. Blake, District Judge.  (CR-
02-332-CCB)

Submitted:  August 17, 2005          Decided:  October 11, 2005

Before WILLIAMS, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael D. Montemarano, MICHAEL D. MONTEMARANO, P.A., Elkridge,
Maryland, for Appellant.  Thomas M. DiBiagio, United States
Attorney, Angela R. White, Assistant United States Attorney,
Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A jury convicted Lawrence Meggison on one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Meggison as a career offender to 210 months in prison. Meggison now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues. Meggison also has filed a pro se supplemental brief, and counsel has filed a supplemental brief. We affirm.

I

A Maryland state trooper stopped Meggison because Meggison was driving without a seat belt. Meggison gave the trooper a license that proved to be suspended. When the trooper told Meggison that he was going to arrest him for driving under a suspended license, Meggison was uncooperative. He moved toward the passenger side of his vehicle, grabbed a jacket from the passenger seat, and fled. Meggison was apprehended approximately thirty minutes later. The jacket, which the state trooper identified at trial as the one that Meggison had grabbed when he fled, contained 1509 packets of heroin in its various pockets.

II

Counsel contends that the traffic stop was unwarranted and that the evidence seized as a result of that stop therefore was inadmissible.  Under Whren v. United States, 517 U.S. 806 (1996), officers may stop a vehicle based on a minor traffic infraction, even if the true motivation for the stop was the belief, not rising to probable cause, that the vehicle's occupants were engaged in illegal drug activity.  Id. at 812-13.  Here, the state trooper testified that Meggison was not wearing a seat belt while driving-- an offense for which a driver may be stopped and issued a traffic citation.  Md. Code Ann. (Transp.) §  22-412.3(b) (Lexis 2002).  We conclude that the stop in this case was reasonable.  Our review of the record further discloses no irregularity in officers' actions after the stop that resulted in the discovery of the heroin, and we conclude that there was no Fourth Amendment violation.


III

Meggison raises three claims in his pro se brief.  None of the claims has merit.  First, ineffective assistance of trial counsel does not conclusively appear on the face of the record.  Therefore, Meggison should raise this claim, if at all, in a motion filed pursuant to 28 U.S.C. § 2255 (2000).  See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).  Second, the prosecutor did not express a personal belief in the credibility of

any witness.  Nor did the prosecutor suggest that the testimony of a witness was corroborated by evidence that the prosecutor knew of but the jury did not.  Thus, there was no improper vouching or bolstering of any witness.  See United States v. Sanchez, 118 F.3d 192, 198 (4th Cir. 1997).

Finally, our review of the record discloses that there was sufficient evidence to convict Meggison.  See Glasser v. United States, 315 U.S. 60, 80 (1942).  Witness credibility is within the sole province of the jurors, who will resolve any discrepancies in testimony when making credibility determinations.  See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).  We note that the trooper testified that the jacket that Meggison fled with was the same jacket that Meggison had with him when officers found him hiding in a camper.  The jacket contained 1509 packets of heroin--an amount and packaging method that are consistent with drug distribution.

IV

Counsel contends that Meggison's sentence as a career offender, see U.S. Sentencing Guidelines Manual § 4B1.1 (2004), violated United States v. Booker, 125 S. Ct. 738 (2005), and Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004).  Because the issue is raised for the first time on appeal, review is for plain error.  See Fed. R. Crim. P. 52(b); United States v.

- 4 -

Olano, 507 U.S. 725, 732 (1993). Meggison's reliance on Blakely is misplaced. In both Blakely and Booker, the Supreme Court reaffirmed its holding in Almendarez-Torres v. United States, 522 U.S. 224, 244 (1998), that the fact of a prior conviction need not be proven to a jury beyond a reasonable doubt. Booker, 125 S. Ct. at 756; Blakely, 124 S. Ct. at 2536. Here, it is clear from the face of the judicial record that Meggison had the requisite number of prior qualifying felony convictions for the career offender enhancement.[*]

V

We accordingly affirm the conviction and the sentence. In accordance with Anders, we have examined the entire record and have found no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because

---

[*]Additionally, our review of the record discloses "no nonspeculative basis for concluding that the treatment of the guidelines as mandatory 'affect[ed] the district court's selection of the sentence imposed.'" See United States v. White, 405 F.3d 208, 223 (4th Cir. 2005).

- 5 -

the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.    The motions to remand and to file a supplemental brief are denied.

AFFIRMED